## 30990. INTERSTATE SECURITY POLICE, INC. v. CITIZENS & SOUTHERN EMORY BANK.

INGRAM, Justice.

This case was transferred to this court by the Court of Appeals as it involves an appeal from an order of DeKalb Superior Court in an equity case involving a commercial loan between the parties. The borrower sought to enjoin the lender from enforcing its rights under a loan agreement and a security agreement. The trial court's order, from which the appeal was taken, requires the borrower to pay monies which the lender contends are owed to it on demand and refused to enjoin the collection of said sums by the lender.

The borrower argues on appeal that the trial court erred in holding that the loan was due on demand as no demand for payments was made by the lender. The borrower also contends the agreements between the parties are void as being in restraint of trade and unconscionable.

The record of the proceeding in the trial court, which includes its order, is silent on the issue of whether a demand for payment was made by the lender. Thus, it does not appear that this issue was litigated in the trial court. Whether a demand was made or not made is an evidentiary matter that we cannot pass on in this appeal. The borrower's notice of appeal recites that the "appeal will be based on all the pleadings herein." There is no transcript of evidence and consequently we cannot determine whether there was or was not a demand for payment by the lender. The burden is on the borrower, as the appellant, to show merit in the alleged errors of the trial court, and this has not been done on this enumeration.

The borrower also complains the trial court erred in sustaining the agreements between the parties. Specifically, it is contended that two provisions, one in the loan agreement, and the other in the security agreement, render these contracts void and unenforceable because they are unconscionable and in restraint of trade.

There is a provision in the loan agreement which states that "until the loan is repaid in full, borrower will not, without consent of bank, (a) in the operation of business, incur other indebtedness for borrowed money." The paragraph in the security agreement to which the borrower takes exception relates to accounts receivable of the borrower and it allows the lender to direct the parties obligated to pay these accounts to make payment directly to the bank.

The trial judge held the contracts were "not unconscionable" and that the bank was entitled to enforce them against the borrower. The Code section on unconscionability does not by its terms apply to transactions not involving a sale. See Code Ann. § 109A-2—302. See, also, Bender, Uniform Commercial Code, Secured Transactions, § 3-23. But, we understand appellant's argument to be either that the lender has breached the obligation of good faith imposed on all aspects of a commercial transaction, Code Ann. § 109A-1—203, or that "principles of law and equity" require the invalidating of the clause in the contract. See Code Ann. § 109A-1—103.

We disagree with his contentions and affirm the ruling by the trial court, as we do not find this commercial loan transaction between the borrower corporation and lender bank to be unreasonable or "unconscionable." Rather, it appears to be a negotiated arm's length business transaction between sophisticated commercial parties. Unless invalid for some other reason, the court has no right to excuse the parties from compliance with these agreements under the circumstances shown in this case. Cf. White & Summers, Uniform Commercial Code (West Publishing Co., 1972), Chap. 4, pp. 112-133; *Top Quality Homes, Inc. v. Jackson,* 231 Ga. 844 (204 SE2d 600) (1974); *Chrysler Corp. v. Wilson Plumbing Co.,* 132 Ga. App. 435 (208 SE2d 321) (1974).

This leaves for decision the remaining contention of the borrower relating to the contract provision which prohibits the borrower from incurring additional debt for the operation of its business without the consent of the lender while this loan is unpaid. The argument is made that this provision voids the contract because it is in restraint of trade. See Code Ann. §§ 2-2701 and 20-504. The constitutional provision and the latter Code section (prior to amendment) were interpreted to mean the same thing. Preventing competition and restraining trade were said to be synonymous terms in our law which prohibit general and unreasonable restraints. Limited restraints, however, if not greater than protection to the other party requires, are not outlawed and have been upheld by this court. See *Griffin v. Vandegriff,* 205 Ga. 288, 294 (53 SE2d 345) (1949).

The restraint against incurring additional operating business debt, imposed upon the borrower under the present contract, does not appear unreasonable in the commercial setting of this loan agreement. It protects the legitimate rights of the lender while the loan remains unpaid. This loan repayment is secured by accounts receivable and the general solvency of the borrower. This contract provision is designed to promote the solvency of the borrower during the life of the loan.

We believe this contract provision falls within the private enterprise area in which corporate parties are free to obligate themselves in this manner as an inducement to lenders to make commercial loans to them for use in the operation of their businesses. There is no contention here that the lender has unreasonably withheld its consent to any request of the borrower to obtain other loans needed by it for operating its business. See Code Ann. § 109A-1—203. "A contract in restraint of trade, upon a consideration which shows that it was reasonable for the parties to enter it, is good. Whenever a consideration appears to make it a proper and useful contract and such as cannot be set aside without injury to a fair contractor, it ought to be maintained. When such a contract is considered in connection with the circumstances in which it was made, that is, the situation, business, and objects of the parties, and the restraint thus contracted for appears

to have been for a just and honest purpose for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as to them, and not specially injurious to the public, the restraint will be held valid." *Scott v. Hall,* 56 Ga. App. 467 (2) (192 SE 920) (1937).

We find no error in the trial court's judgment for any reason enumerated in this appeal.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who is disqualified.*

SUBMITTED APRIL 5, 1976 — DECIDED JUNE 8, 1976.

*E. Graydon Shuford,* for appellant.
*Alston, Miller & Gaines, W. T. Walsh, Joyce Bihary,* for appellee.