### 66645. TUCKER FEDERAL SAVINGS & LOAN ASSOCIATION v. ALFORD et al.

DEEN, Presiding Judge.

On October 22, 1971, appellees Paul Alford, Cecil Alford, and Ralph Norton executed a real estate note with the appellant for $82,000, giving a deed to secure debt on certain property in DeKalb County. On May 22, 1972, they executed another security deed regarding the same property for a loan of $129,000 obtained from the appellant. Both deeds to secure debt contained the following due on sale clause: "It is expressly agreed that should the title to the property covered by this security deed become vested in any person or entity other than the grantor, the unpaid balance of the note or any advances made under it or any instrument securing it, together with interest, shall become due and payable, at the option of the holder of the note for which this deed is given to secure, time being of the essence." Subsequently, the Alfords conveyed their interest in the property to Norton.

On May 21, 1980, Norton entered a land sale contract agreeing to sell Jere and Jean Randall the property securing the above loans, and the contract was duly recorded. Under the contract, Norton agreed to deliver a warranty deed upon either the Randalls' payment of the final installment or the appellant's approving the Randalls' assumption of the two mortgages. The contract further provided that actual delivery of any deed was postponed "for the convenience of the parties," and that "no fee simple title passes upon execution of this agreement . . ." The Randalls took possession and control of the premises, and subsequently, with Norton's assent, transferred and assigned their interest in the land sale contract to a corporation.

In response to the appellant's eventual declaration of the balance owing as due and of its intention to exercise the power of sale under the security deeds, Norton protested that he would apply for

injunctive relief. The appellant then brought this action for declaratory judgment, seeking to have it adjudicated that the due on sale clause was activated by the land sale contract executed by Norton and the Randalls. In granting Norton's motion for judgment on the pleadings, the trial court found that title to the property had not actually vested in another person or entity. The appellant appealed that adverse determination to the Supreme Court, which transferred the case to this court. *Held:*

The sole issue on appeal is whether the contract entered by Norton and the Randalls for the sale of the property in question activated the due on sale clauses contained in the preceding deeds to secure debt held by the appellant. The appellees admit that they intended via the contract to convey to the Randalls some interest or rights to the secured property without passing title, so as not to trigger the due on sale clauses. The transaction clearly granted the Randalls all the benefits and responsibilities of ownership.

This specific issue has not previously surfaced in Georgia, but the Supreme Court has recently considered a similar arrangement, entitled an agreement for deed, and its effect upon a "no further encumbrance clause" in a preceding deed to secure debt. See *Chilivis v. Tumlin Woods Realty Assocs.,* 250 Ga. 179 (297 SE2d 4) (1982). The Supreme Court there observed the substance of the transaction by comparing the contract with a bond for title, essentially " 'a sealed contract for the sale and purchase of land, serving the double purpose of a purchase-money mortgage and a conveyance to the purchaser of an equitable estate which becomes a legal title upon completion of the agreed payments . . .' Pindar, Ga. Real Estate Law and Procedure, § 20-70 (2d ed. 1979)," *Id.,* at 182, and concluding that the agreement for deed was for all practical purposes no different from a bond for title, and violative of the security deed's encumbrance clause.

Other jurisdictions have refused to endorse such a subterfuge. In holding that an installment contract for sale constituted a "conveyance," triggering a due on sale clause, the North Carolina Court of Appeals emphasized that "[t]he evident substance of the transaction, then, was a completed conveyance of all equitable interest in the security property, leaving only the formality of a subsequent transfer by deed of the legal title." In Re Foreclosure of a Deed of Trust, N. C. App. (298 SE2d 163, 165) (1982). See also Krause v. Columbia Savings & Loan Assn., Colo. App. (631 P2d 1158) (1981) (contract of sale held "transfer" for purposes of due on sale clause); Century Fed. Savings & Loan Assn. of Bridgeton v. Van Glahn, 144 N. J. Super. 48 (364 A2d 558) (1976) (contract of sale held "change of ownership" activating acceleration clause).

In the instant case, while the operative language of the due on

sale clause could have been more exacting, we find no ambiguity in its meaning. The obvious intent of the clause was to allow the appellant to accelerate the indebtedness due upon a change of ownership of the property. For all practical purposes, the word "title" means the provable right to own particular property. OCGA § 44-1-5 (Code Ann. § 85-102); *Nat. Fire Ins. Co. v. King,* 49 Ga. App. 457 (176 SE 64) (1934). The contract of sale, of course, did not vest legal title in the Randalls, but it did give them an equitable interest and rights of ownership. Following the rationale expounded in the above cases, we conclude that the Randalls obtained title through the land sale contract for the purposes of the acceleration clause in the deeds to secure debt held by the appellant.

The trial court thus erred in strictly limiting activation of the due on sale clauses by a passing of legal title. As several other defenses to the appellant's complaint were not addressed below, the case must be remanded for rehearing on those issues.

*Judgment reversed and remanded with direction. Banke, J., concurs. Carley, J., concurs specially.*

DECIDED NOVEMBER 28, 1983.

*Walter C. Alford,* for appellant.
*William F. C. Skinner, Jr.,* for appellees.

CARLEY, Judge, concurring specially.

I concur in the judgment of the majority reversing the trial court's grant of summary judgment in this case solely because of what I perceive to be our Supreme Court's adoption of a rather liberal standard of construction for due on sale clauses, as manifested by its decision in *Chilivis v. Tumlin Woods Realty Assocs.* 250 Ga. 179 (297 SE2d 4) (1982).

Initially, I must emphasize that the literal meaning of the words in the due on sale clause involved in the instant case would simply not be applicable to the land sales contract entered into between Norton and the Randalls. This is true because the due on sale clause here hinges upon "title" becoming "vested" in someone other than the grantor. The concept of *vesting* of title has always been treated esoterically and as *signifying the ultimate attainment of all indicia of ownership.* Thus, although *most* elements necessary to establish "vesting of title" are present in the land sales contract here involved, by the plain wording of the agreement, title simply did not "vest."

At first reading, *Chilivis* appears to be distinguishable. In *Chilivis* the no further encumbrance clause referred not to vesting or even transfer of title, but to the placing of encumbrances on the

property. As the appellees readily admit, the land sales contract at issue here would not pass judicial muster if viewed in light of the clause involved in *Chilivis.* However, the concept of "encumbrance" is more inclusive than the rather definitive idea of "vesting of title."

Nevertheless, in order to ascertain what the Supreme Court is telling us in *Chilivis,* we must look carefully at the language of the clause in *Chilivis* and then to the interpretation of that clause in light of the transaction involved in *Chilivis.* The *Chilivis* clause was as follows: "'If Grantor further encumbers the premises *by any mortgages, loans or security deeds securing loans* made to Grantor without notice to and prior written permission from Grantee, such will constitute an event of default . . .' " (Emphasis supplied.) The clause does not proscribe *all* further encumbrances but prohibits only encumbrances "by any mortgages, loans or security deeds." Nevertheless, the Supreme Court held that the "Agreement for Deed" in *Chilivis,* while really more analogous to a bond for title, did for the purposes of the due on sale clause constitute an "encumbrance" which was prohibited by that clause. Thus, if under the "letter" of *Chilivis,* a document having the effect of a bond for title was equated to a mortgage, loan or security deed for the purposes of the "no further encumbrance" clause, the spirit of that decision requires that we treat the land sales contract in this case as triggering the envisioned event of title becoming vested in a person or entity other than the grantor. However, I would observe that the better practice for lenders is to draft their due on sale clauses in a more comprehensive fashion so as to encompass any event which would change the character of the ownership status of the mortgagor.