S89Q0351. BRAKEBILL et al. v. HICKS et al.

(388 SE2d 695)

BELL, Justice.

The United States Court of Appeals for the Eleventh Circuit certified the following question to this Court:

Whether statements, made by the agent of a seller of land to a purchaser, which do not specifically refer to any point or line as the boundary of a tract to be conveyed but which nevertheless lead the purchaser reasonably but mistakenly to believe that certain amenities lying outside the true boundaries of the tract are included in the parcel constitute misrep-

---

resentations which, in a subsequent action for rescission, exempt the plaintiff-purchaser from the due-diligence requirement of Georgia's doctrine of *caveat emptor*?

The facts of the case, as set out by the Eleventh Circuit, are as follow:

This appeal challenges an order of the United States District Court for the Southern District of Georgia granting defendants-appellees' motions for summary judgment in a diversity action, which arose from the sale of a condominium located on St. Simons Island, Georgia. Plaintiffs-appellants allege that defendants-appellees misled them regarding the boundary of the property and fraudulently induced plaintiffs to purchase the condominium. Plaintiffs seek rescission as well as compensatory and punitive damages. [Footnote deleted.]

. . .

The affidavits, depositions and exhibits submitted in support of and in opposition to the motions for summary judgment, when viewed — as they must be at this juncture — in the light most favorable to the plaintiffs, demonstrate the following:

Defendant-appellee Carlton Hicks owned Unit # 1 of the Ebb Tide Condominiums at 752 Oglethorpe Avenue on St. Simons Island, which he listed for sale with defendant-appellee Atlantic Land & Development Corporation. Defendant-appellee Marie Sigman, who was employed by Atlantic, acted as Hicks' agent for the sale.

In late 1985 and early 1986, Sigman showed the property to plaintiffs-appellants Jack and Lynn Brakebill. Sigman told plaintiffs that certain amenities, including an oceanfront deck, some landscaping, a barbecue area, a gas grill and deep-well sink, were included in the purchase price of the property. Sigman stated that "you're going to enjoy being out here cooking, using this grill, cooking your fish, and you'll love that deck," and she gave to the Brakebills a "Fact Sheet" which listed among the property's amenities the aforementioned features. At no time did Sigman or any defendant point out or mark off the boundaries of the property for plaintiffs; nor did plaintiffs request such a demonstration.

On April 1, 1986, plaintiffs contracted with Hicks to

purchase the property for $365,000. The contract granted the plaintiffs the right to go on the property (or to have others do so) before the closing for the purpose of making boundary surveys and other tests and investigations. From the time plaintiffs first viewed the property until the time of the closing on May 1, 1986, a survey of the property showing the existence of Eighth Street was on file in the public records of Glynn County as was the declaration for Ebb Tide Condominiums, which contains a legal description of the property and expressly states that the property is bounded by Eighth Street. At closing, plaintiffs were represented by an attorney, Andrew Taylor, who testified in his deposition that, on the day of closing, he reviewed both the survey and the condominium declarations. Prior to closing, however, the plaintiffs never had the property surveyed, never requested a copy of the survey of the property, never requested a copy of the condominium declaration, and never made independent inquiries concerning the boundaries of the property. Plaintiffs testified in depositions that nothing prevented them from taking such actions.

After the sale closed and plaintiffs occupied the property, neighbors informed them that the outdoor amenities were located on Eighth Street, which was not part of the parcel they had purchased. Plaintiffs made independent inquiries as to the true boundaries and discovered that the deck, grill, and barbecue hut are not located on the property.

Plaintiffs brought this action against Hicks, Sigman, and Atlantic, alleging that defendants misrepresented the boundaries of the property to include valuable outdoor improvements in which defendant Hicks had no interest. Plaintiffs argue that they need not show that they were duly diligent in their efforts to ascertain the actual boundaries in order to prevail in this action because, under an exception to Georgia's doctrine of *caveat emptor*, they were entitled to rely on the veracity of Sigman's representations concerning the boundaries of the tract. Plaintiffs contend that Sigman's statements, along with her failure to clarify the precise location of the property lines, constituted a misrepresentation that the boundaries of the property encompassed the improvements in question.

Defendants contended, and the district court held as a matter of law, that the facts alleged do not constitute a misrep-

resentation sufficient to bring plaintiffs within any exception to the due-diligence requirement of the Georgia doctrine of *caveat emptor*. The district court noted that "[n]either Sigman nor any other defendant ever pointed out the location of the property boundaries or presumed to represent the location of those boundaries" and concluded that defendants' "failure[s] to apprise plaintiffs of the precise location of the property boundaries" did not constitute a "fraudulent misrepresentation of a material fact on which plaintiffs were entitled to rely in purchasing the property."[1]

*Response of this Court*

Our answer to the certified question is controlled by our recent holding in *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). In that case we held that "[a] party buying real property who makes no attempt to discover the boundaries of the property cannot be said to have 'justifiably relied' on a misrepresentation by the seller regarding those boundaries." Id. at 808. As in *Crawford*, the plaintiffs in the instant case had ample opportunity to apprise themselves of the boundaries of the property, but "the facts of this case demonstrate a complete lack of any effort," *Crawford*, supra, 258 Ga. at 807, to do so.

We therefore hold that, under the facts of this case, the statements by the agent of the seller did not operate to exempt the plaintiff-purchasers from the requirement of due diligence, and, accordingly, we answer the certified question in the negative.

*Certified question answered in the negative. All the Justices concur, except Smith, P. J., who dissents.*

DECIDED MARCH 1, 1990.

*McCorkle, Pedigo, Hunter & Johnson, David H. Johnson,* for appellants.

*Nightingale, Liles, Dennard & Jordan, Randall A. Jordan, Christopher J. O'Donnell, C. Foster Lindberg,* for appellees.

*Quinton S. King,* amicus curiae.

---

[1] The alterations in this paragraph, indicated by brackets, are not by this Court.