A91A0686. METMOR FINANCIAL, INC. v. JENKINS.
(406 SE2d 288)

BANKE, Presiding Judge.
The appellant lender extended mortgage financing to the appellee for the purchase of a home. Several days after the closing, the

appellee purchaser inspected the property and observed that construction had not been completed. He subsequently defaulted in making the required monthly payments, prompting the appellant to institute foreclosure proceedings. The appellee then filed the present action seeking to enjoin the foreclosure and to recover damages based on allegations that, prior to the closing, one of the appellant's employees had fraudulently misrepresented to the closing attorney that "construction [of the house] was complete, that the house was ready for occupancy and [that] any minor repairs, or corrections which were needed would be corrected by the builder." The appellee alleged that the following items, among others, actually remained to be completed: "The entire house was void of carpet and the flooring consisted of splintered unfinished wood. Parts of the wall and ceiling were unfinished. Cabinets were not varnished. There were no light fixture coverings, and in some areas wires were exposed. The light switches were also without covers."

The appellant moved to dismiss the complaint for failure to state a claim, contending that the allegations set forth therein established as a matter of law that the appellee had failed to exercise due diligence in ascertaining the condition of the home prior to closing, with the result that he was unjustified in relying on the alleged misrepresentations. The trial court denied the motion, and we granted the appellant's application for an interlocutory appeal from that ruling. It appears from the record that the trial court previously had denied the appellee's request for injunctive relief pending the outcome of the action, thereby allowing the foreclosure proceedings to proceed. *Held*:

In *Crawford v. Williams*, 258 Ga. 806, 808 (375 SE2d 223) (1989), the Supreme Court held that "[a] party buying real property who makes no attempt to discover the boundaries of the property cannot be said to have 'justifiably relied' on a misrepresentation by the seller regarding those boundaries." Accord *Brakebill v. Hicks*, 259 Ga. 849 (388 SE2d 695) (1990). Here, the lack of effort by the purchaser to protect himself was even more egregious than in *Crawford* and *Brakebill*, since even a cursory visual inspection of the property would have revealed the construction deficiencies of which he complains. Additionally, we note that the alleged misrepresentation at issue in this case was made not by the seller of the property but by the appellee's lender, which presumably had nothing to gain by proceeding with the closing prior to the completion of construction. Cf. *Pardue v. Bankers First Fed. Sav. &c. Assn.*, 175 Ga. App. 814, 815 (334 SE2d 926) (1985) (holding that there is no confidential relationship between lender and borrower or mortgagee and mortgagor). We accordingly conclude that the complaint demonstrates on its face that the appellant has no liability to the appellee for fraud, and we hold that the trial court erred in denying the appellant's motion to dismiss

for failure to state a claim.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED JUNE 5, 1991.

McCalla, Raymer, Padrick, Cobb & Nichols, Teresa L. Perrotta, Carol V. Clark, for appellant.
Charles N. Hawk III, for appellee.