### A04A2092. PEACOCK v. KISER et al.
(611 SE2d 747)

RUFFIN, Chief Judge.

After William Peacock purchased a house from David and Gena Kiser (the "Kisers"), he discovered the boundary lines of the property were different than he had allegedly been told. Peacock then filed suit against the Kisers, their real estate agent, Donna Matthews, and her employer, Tim Jones Realty, alleging that he had been defrauded. The trial court granted the defendants' motions for summary judgment, and this appeal followed. Finding no error, we affirm.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law."[1] In reviewing a trial court's grant of summary judgment, we conduct a de novo review of the record, viewing all evidence in favor of the nonmoving party.[2]

Viewed in this manner, the record shows that the Kisers owned a house in Clayton County, and Richard Vickers was their neighbor. Shortly after Vickers purchased his house, he had a company survey the property and mark the boundaries. The survey revealed that much of what appeared to be the Kisers' front yard and a portion of their driveway were, in fact, located on Vickers' property. According to Vickers, he spoke with the Kisers about resolving "the boundary line problem," but no resolution was reached. On several occasions, Vickers told the Kisers he was going to put a fence along his property line, but he never did so.

After the Kisers put their house on the market, Vickers spoke with David Kiser and told him that he needed to disclose the boundary issue to any prospective buyer. Vickers also spoke with Matthews, the Kisers' real estate agent, regarding the boundary issue, and he prepared a disclosure statement that he gave to Matthews, which set forth the various encroachments.[3]

When Peacock began looking at the Kiser property, he asked them about the property's boundary lines. According to Peacock,

[1] *Resnick v. Meybohm Realty,* 269 Ga. App. 486, 487 (604 SE2d 536) (2004).

[2] See id.

[3] Vickers believed that, in addition to disclosing the property line, the Kisers should disclose that their septic lines ran across his property, that they were obligated to share the cost of a street light, and that he owned a bridge which apparently led to the property.

Gena Kiser, in the presence of her husband, pointed out boundaries that are inconsistent with the actual boundaries. Peacock then made an offer to purchase the property, and he was given a property disclosure statement signed by the Kisers. The statement indicated that the sellers were not "aware of any encroachments, unrecorded easements, or boundary line disputes with respect to the Property."

On February 10, 2001, Peacock signed a purchase and sale agreement, which gave him the right to have the property surveyed. The contract also contained a merger clause that provided that "[n]o representation, promise, or inducement not included in this Agreement shall be binding upon any party hereto." With respect to the broker, the contract contained a disclaimer clause in which Peacock "acknowledge[d] that [he has] not relied upon any advice, representations or statements of [the] Brokers" and that the "Brokers shall not be responsible to advise [Peacock] . . . on any matter, including but not limited to . . . any matter which could have been revealed through a survey, title search or inspection of the Property."

Peacock closed on the house on March 16, 2001. Before closing, he had a title search performed, which yielded a deed for the property. The deed accurately described, in metes and bounds, the property lines. However, Peacock apparently did not appreciate that the boundaries described in the deed differed from those pointed out by the Kisers. After closing, Vickers showed Peacock the survey result. Upon learning the true boundaries, Peacock sued the Kisers, alleging that they had fraudulently induced him to purchase the house. Peacock also sued Matthews and Tim Jones Realty, asserting that Matthews had fraudulently breached her duty to disclose the boundaries.

The Kisers moved for summary judgment, arguing that Peacock's failure to rescind the contract and his possession of the deed prior to closing precluded his fraud claim. Matthews and Tim Jones Realty also moved for summary judgment, asserting that Peacock's possession of the deed and the disclaimer clause in the purchase and sale agreement precluded his claim against them.

The trial court granted the motions, finding that Peacock's failure to rescind the contract was fatal to his fraud claim. The trial court also found that the disclaimer in the purchase and sale agreement precluded his suit against Matthews and Tim Jones Realty. Peacock appeals, arguing that the trial court erred in ruling: (1) that rescission is required to maintain his fraud claim; and (2) that he is unable to pursue a claim against Matthews and Tim Jones Realty under the Brokerage Relationships in Real Estate Transactions Act

(BRRETA).[4] We address each argument in turn.

1. "In general, a party alleging fraudulent inducement to enter a contract has two options: (1) affirm the contract and sue for damages from the fraud or breach; or (2) promptly rescind the contract and sue in tort for fraud."[5] Here, Peacock admittedly never sought to rescind the contract. Accordingly, he is bound by its terms.[6] And "[w]hen a home buyer elects to affirm a purchase agreement which contains a merger or entire agreement clause, he or she is precluded from recovering for the seller's alleged fraudulent inducement based on misrepresentations made outside the contract."[7] Given that the sales contract contained such merger clause, Peacock's tort claim for fraud is barred.[8]

Despite Peacock's failure to rescind, he contends he should still be able to maintain his fraud claim. Specifically, Peacock cites *Crews v. Cisco Bros. Ford-Mercury*[9] for the principle that, in limited circumstances, rescission is not required. Assuming, for the sake of argument, that Peacock's claim falls within the narrow rule enunciated by this case, his fraud claim still fails as a matter of law.

The tort of fraud consists of five elements: "(1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff[ ] to act or refrain from acting; (4) justifiable reliance by plaintiff[ ]; and (5) damage to plaintiff[ ]."[10] "In order to prove justifiable reliance, [Peacock] must show the defect could not have been discovered by [him] in the exercise of due diligence in the purchase of the property."[11]

Under the circumstances of this case, Peacock is unable to establish justifiable reliance as a matter of law. As our Supreme Court has noted, "a party buying real property who makes no attempt to discover the boundaries of the property cannot be said to have justifiably relied on a misrepresentation by the seller regarding those boundaries."[12] In other words, Peacock was not justified in relying solely upon the description of the boundaries given by the Kisers. Rather, he was required to ascertain for himself the actual property line. Indeed, if he had merely taken the initiative to have the deed explained to him, he would have discovered the true boundaries.

---

[4] OCGA § 10-6A-1 et seq.

[5] *Ainsworth v. Perreault*, 254 Ga. App. 470, 471 (1) (563 SE2d 135) (2002).

[6] See id. at 471-472; *Resnick*, supra at 489 (1) (a).

[7] (Punctuation omitted.) *Ainsworth*, supra at 472.

[8] See id.

[9] 201 Ga. App. 589 (411 SE2d 518) (1991).

[10] *Klusack v. Ward*, 234 Ga. App. 178, 179 (1) (507 SE2d 1) (1998).

[11] Id.

[12] (Punctuation omitted.) *Brakebill v. Hicks*, 259 Ga. 849, 852 (388 SE2d 695) (1990).

Thus, his fraud claim fails as a matter of law.[13]

2. Peacock also argues that, even if his fraud claim fails, he should be permitted to maintain a cause of action against Matthews and Tim Jones Realty for violating their duties under BRRETA.[14] Under this Act, a broker engaged by the seller must disclose to potential buyers

> [a]ll adverse material facts pertaining to the physical condition of the property and improvements located on such property including but not limited to material defects in the property, environmental contamination, and facts required by statute or regulation to be disclosed which are actually known by the broker *which could not be discovered by a reasonably diligent inspection of the property* by the buyer.[15]

For the reasons discussed in Division 1, Peacock did not exercise diligence in determining the boundaries of the property. As noted, Peacock could have easily ascertained the actual property lines. Because Peacock failed to act diligently, he is unable to recover from Matthews or Tim Jones Realty based upon any alleged failure on their part to disclose information.[16]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED MARCH 9, 2005.

*Carl A. Adcock*, for appellant.

*Hawkins & Parnell, Thomas R. Mock, Jr., Christopher S. Keith, Deming, Parker, Hoffman, Green & Campbell, Stuart B. Bagley*, for appellees.

---

[13] See id.

[14] Although Peacock raises, on appeal, the issue of the brokers' obligations under BRRETA, we note that his complaint never references any cause of action under this statutory scheme. And during Peacock's deposition, his attorney indicated that he was suing Matthews and Tim Jones Realty for fraud. In his amended complaint, however, Peacock alleges that Matthews and Tim Jones Realty "were required by law to disclose the [true boundaries] which adversely affected the value of the property." For the sake of argument, we will treat this as raising the issue of the brokers' obligations under BRRETA.

[15] (Emphasis supplied.) OCGA § 10-6A-5 (b) (1).

[16] See id.; *Brakebill*, supra ("statements by the agent of the seller did not operate to exempt the plaintiff-purchasers from the requirement of due diligence").