**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 8, 2018**

# In the Court of Appeals of Georgia

A18A0016. GROCE et al. v. M24, LLC.

MCFADDEN, Presiding Judge.

Valerie and Mark Groce appeal from the trial court's grant of summary judgment to M24, LLC in the Groces' action for damages stemming from M24's alleged misrepresentations of the boundaries of real property subject to a "contract for deed"[1] between the parties. They assert that, in reliance on the misrepresentations,

---

[1] The "contract for deed" was essentially an installment contract for the sale of the property. See *Chilivis v. Tumlin Woods Realty Assoc.*, 250 Ga. 179, 181-182 (2) (297 SE2d 4) (1982) (an "agreement for deed" resembles a "bond for title," which "is in effect a sealed contract for the sale and purchase of land, serving the double purpose of a purchase-money mortgage and a conveyance to the purchaser of an equitable estate which becomes a legal title upon completion of the agreed payments"); *Crowell v. Williams*, 273 Ga. App. 676, 677 (2) (615 SE2d 797) (2005) (installment sale for real property is "a conditional sale in which the buyer makes a down payment followed by payments and the seller retains title until all payments have been received") (citation and punctuation omitted).

they entered into the contract for deed and began to build a house on the wrong property. But as a matter of law the Groces cannot show that they justifiably relied on the misrepresentations, because the misrepresentations contradicted the terms of the written contract for deed that they signed. We therefore affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. On appeal from the grant of a motion for summary judgment, we review the evidence de novo, and construe all reasonable conclusions and inferences from the evidence in the light most favorable to the nonmovant.

*Swope v. Greenbriar Mall Ltd. Partnership*, 329 Ga. App. 460 (765 SE2d 396) (2014) (citations omitted).

Construed most favorably to the Groces, the evidence shows that in October 2013 they met with M24's agent, Steve Montgomery, to look at a tract of undeveloped land that M24 was offering for sale, Lot 5B. Montgomery showed the Groces what he represented to be Lot 5B's boundary lines and told them that the tract included a creek. Montgomery stated that a survey of the property would be performed soon. The Groces agreed to buy Lot 5B, and they signed a purchase agreement to that effect and made a down payment.

On December 9 or 10, 2013, Mark Groce searched for liens on the property at the office of the Clerk of the Superior Court. There, he saw a copy of a recorded survey on the property that was several years old.

On December 13, 2013, the Groces signed the contract for deed. The contract for deed was effective October 12, 2013. It gave the Groces the right of possession of the property and provided that they would pay M24 a specified amount in installments over a 20-year period. Upon receipt of all payments, M24 would convey to the Groces title to the property by way of a limited warranty deed. The contract for deed described the subject property, Lot 5B, by reference to a metes and bounds legal description that was attached to the contract and incorporated therein. The contract for deed also contained a merger clause providing:

> **ENTIRE CONTRACT/AMENDMENT.** This Contract for Deed contains the entire agreement of the parties and there are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Contract for Deed. This Contract for Deed may be modified or amended in writing, so long as all parties obligated under this Contract sign the agreement.

In January 2014 the Groces began building a house on a portion of the property that Montgomery had represented to be Lot 5B. However, in 2015 they learned that the land on which they built the house was not part of Lot 5B but instead was owned by a neighbor. Ultimately, the Groces had to move the house "to within the correct property boundaries."

The Groces argue that the trial court erred in granting summary judgment to M24 on their claim for fraud based on the misrepresentations of M24's agent, Montgomery, regarding the boundaries of the property that was the subject of the parties' agreement. That claim "has five elements: (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiffs to act or refrain from acting; (4) justifiable reliance by plaintiffs; and (5) damage to plaintiffs." *Klusack v. Ward*, 234 Ga. App. 178, 179 (1) (507 SE2d 1) (1998) (citations omitted). On appeal, the parties dispute whether a genuine issue of material fact exists as to the element of justifiable reliance.

The Groces assert that, in justifiable reliance on Montgomery's misrepresentations regarding the boundaries of Lot 5B, they built their house on property in which they had no property right. To prove justifiable reliance, they "must show [the misrepresentations] could not have been discovered by them in the exercise

4

of due diligence[.]" *Klusack*, supra at 179 (1) (citations omitted). In other words, they must show that they could not have discovered through due diligence that the land on which they built the house was *not* part of the property subject to the contract for deed, the instrument giving the Groces right of possession to Lot 5B. "Except in plain and indisputable cases, whether a plaintiff could have protected himself from false information by the exercise of due diligence is for the jury." *Gospel Tabernacle Deliverance Church v. From the Heart Church Ministries*, 312 Ga. App. 355, 359 (718 SE2d 575) (2011) (citations omitted). In this case, however, the evidence is plain and indisputable that the Groces failed as a matter of law to exercise due diligence to discover the true boundaries of the property that was the subject of their transaction with M24, because the contract for deed described those boundaries. See id. See also *Brakebill v. Hicks*, 259 Ga. 849, 852 (388 SE2d 695) (1990) ("a party buying real property who makes no attempt to discover the boundaries of the property cannot be said to have justifiably relied on a misrepresentation by the seller regarding those boundaries") (citation and punctuation omitted); *Reidling v. Holcomb*, 225 Ga. App. 229, 231 (1) (483 SE2d 624) (1997) (plaintiff land purchaser failed to exercise ordinary care when he relied upon real estate salesman's misrepresentation of property boundaries instead of determining true boundaries of property from

5

description contained within deed). Moreover, the contract for deed contained a merger clause that precluded the Groces from relying on oral representations about the property boundaries. See *Novare Group v. Sarif*, 290 Ga. 186, 190 (3) (718 SE2d 304) (2011); *Donchi, Inc. v. Robdol, LLC*, 283 Ga. App. 161, 163 (1) (a) (640 SE2d 719) (2007). The Groces' reliance, in building their house, on a description of the property that differed from the description in their contract for deed was unjustifiable as a matter of law. See *Novare Group*, supra ("there can be no justifiable reliance where [parties to a contract] are bound by their agreements, particularly where those agreements contain a comprehensive merger clause").

To the extent the Groces assert that they entered into the contract for deed in justifiable reliance on Montgomery's representations regarding the boundaries of Lot 5B, this argument also fails as a matter of law, because

> [i]t is well-settled law in Georgia that a party who has the capacity and opportunity to read a written contract cannot afterwards set up fraud in the procurement of his signature to the instrument based on oral representations that differ from the terms of the contract. . . . In fact, the only type of fraud that can relieve a party of his obligation to read a written contract and be bound by its terms is a fraud that prevents the party from reading the contract.

6

*Novare Group*, supra at 188-189 (2) (citations and punctuation omitted). See also *Peacock v. Kiser*, 272 Ga. App. 83, 85 (1) (611 SE2d 747) (2005) ("when a home buyer elects to affirm a purchase agreement which contains a merger or entire agreement clause, he or she is precluded from recovering for the seller's allegedly fraudulent inducement based on misrepresentations made outside the contract") (citation and punctuation omitted). The Groces do not contend, nor does any evidence show, that they lacked the capacity or opportunity to read the contract for deed.

The Groces assert that M24 fabricated, forged, or improperly altered other documents in connection with the transaction, including the October 2013 purchase agreement and another version of the contract for deed that was recorded in 2015, after the Groces built their house. Assuming the truth of these assertions, they do not change our analysis, which turns on the version of the contract for deed that the Groces admit to signing and do not challenge.

*Judgment affirmed. Ray and Rickman, JJ., concur*.