76026. HILL et al. v. CENTURY 21 MAX STANCIL REALTY, INC. et al.

(371 SE2d 217)

BEASLEY, Judge.

Mr. and Mrs. Hill appeal the grant of summary judgment to individual and joint defendants Century 21 Max Stancil Realty, Inc., John Doe, d/b/a Century 21 and Herb Kruezburg in their suit in which they contend that defendants fraudulently induced them to enter a commercial real estate transaction by misrepresenting material facts related to the property's zoning status.

The Hills alleged: Mr. Hill entered into a contract for certain real property, relying upon statements made to him by Kruezburg. Defendants through Kruezburg intentionally gave him false and misleading information, enticing him through fraud into the purchase of the property. Defendants assured Hill that the property had previously been zoned for commercial use and he would have no difficulty using the property for a used car lot. Defendants informed him that there was a small strip of property less than 50 feet wide which had to be rezoned but in no way would affect his use of the property for a used car lot nor his ability to obtain a commercial building permit. Relying on such information, Hill purchased the property through a sales contract contingent upon the property being zoned for the commercial use of a used car lot, seller to provide proof thereof. Hill closed on the property and, relying on the statements and assurances, applied for a building permit. It was denied because the property was not zoned for commercial use. Hill had to rezone the property, resulting in delayed construction. Because of the delay, Hill was unable to use materials he had planned to use and incurred additional expenses for substitution of other materials. Also, he was required to grant a right-of-way without compensation in order to obtain the rezoning. He lost business due to the delay in rezoning and constructing a building and moving his business to the new location. Hill lost 3,300 feet of his property valued at $30,000, plus $20,000 income; he incurred legal expenses in rezoning; and finally he also claimed punitive damages.

In granting summary judgment, the trial court determined that the evidence was undisputed that purchaser Hill accepted from defendants, as seller's agents, a check payable to the county zoning department and thereafter closed on the property. It concluded that therefore, Hill waived any right he had under the contract pertaining to the rezoning requirement. The court further concluded that because the "selling" agent Kruezburg as well as the "listing" agent were employed by the seller, the selling-agent was a sub-agent of the seller and could not be a fiduciary upon whom the purchaser might justifiably rely, thus precluding an element of fraud.

Appellant contends that the trial court erroneously concluded 1) that he waived the conditions precedent in the sales contract by accepting a check for the application for rezoning at the closing; and 2) that because a selling agent is paid from proceeds of the seller, he is an agent employed by the seller and not by the purchaser and therefore cannot be a fiduciary upon whom the purchaser may justifiably rely. He argues that his reliance upon defendants was justified and that he did not waive the conditions precedent to the contract since he was misled as to what portion of the real property needed to be rezoned, that there was never a meeting of the minds.

1. "[A] waiver of conditions precedent can be implied by the conduct of the parties." *Royal Atlanta Dev. Corp. v. M. D. Hodges Enterprises*, 141 Ga. App. 838 (1) (234 SE2d 676) (1977). Hill's undisputed acceptance of the check for the rezoning application might well be interpreted as an intentional and knowledgeable waiver of the zoning condition stipulated in the contract. But whether or not Hill waived the zoning condition is not dispositive or even relevant to his claims against defendants. This is not a breach of contract action, but one for fraud. The claim is that Kruezburg misrepresented the zoning status of the property, i.e., that only a small triangle was not zoned commercial, so whether or not there was a waiver of the contractual provision has no bearing on the alleged misrepresentation.

Furthermore, the acceptance of the check does not raise any question of ratification of the alleged fraud because, while Hill knew at the closing that some of the land needed to be rezoned, his assertion is that the portion of land needing rezoning was also misrepresented.

2. The record shows without dispute that Kruezburg was indeed an agent of the seller by virtue of the agency of the listing agent, and that the trial court was not in error in determining that Kruezburg was not Hill's agent and not in a fiduciary relationship with him. However, one may justifiably rely upon representations of even those who are not in fiduciary relationships with them. A fiduciary relationship is not an element of fraud but merely gives a special basis for reliance. *Day v. Randolph*, 159 Ga. App. 474, 475 (283 SE2d 687) (1981). Therefore, the court erred in determining that justifiable reliance, an element of fraud, was missing in plaintiffs' action by virtue of the lack of a fiduciary relationship between Hill and Kruezburg. However, the evidence, construed most favorably for plaintiffs shows that this necessary component of an action for fraud; i.e., justifiable reliance, is totally lacking for another reason.

The gravamen of the dispute is what portion of land was represented as needing to be rezoned. There is no evidence whatsoever that plaintiffs attempted to ascertain for themselves the zoning status of the property prior to closing, even though plaintiffs allege the zoning

status was critical to the purchase of the property.

The trial court accurately observed that Hill had a duty of due diligence which he must exercise. *Lorick v. Na-Churs Plant Food Co.*, 150 Ga. App. 209, 210 (257 SE2d 332) (1979). While questions of due diligence often must be resolved by the trier of fact, that is not always the case. One may fail to exercise due diligence as a matter of law. See *Bowen & Bowen v. McCoy-Gibbons*, 185 Ga. App. 298, 303 (1) (363 SE2d 827) (1987). This is such a situation. Because plaintiffs failed to exercise due diligence, they were not justified in relying upon any zoning representations made by Kruezburg. " ' "(W)hen the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller." [Cit.]' [Cit.]" *Lorick,* supra at 210.

Inasmuch as there was no justifiable reliance, defendants were entitled to judgment in their favor as to the fraud claim as a matter of law. This is not altered by the fact that the trial court's reasoning was not error-free. A judgment which is right for any reason will be upheld. *Health Help Svcs. v. State Health Planning Agency,* 174 Ga. App. 640, 641 (1) (329 SE2d 628) (1985).

In addition, the record being devoid of actionable fraud, we find no evidence of defendants' bad faith and stubborn litigiousness in the transaction. OCGA § 13-6-11. Defendants were due summary judgment on these claims as well.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 21, 1988 —
REHEARING DENIED JULY 8, 1988.

*Russell L. Adkins, Jr.,* for appellants.
*George H. Connell, Jr.,* for appellees.