## 45745. CRAWFORD v. WILLIAMS et al.
### (375 SE2d 223)

CLARKE, Presiding Justice.

In this action to recover damages for fraud the trial court granted summary judgment to the defendant. The Court of Appeals reversed. *Williams v. Crawford,* 186 Ga. App. 643 (368 SE2d 337) (1988). We granted certiorari and now reverse.

The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff. *Hardy v. Gordon,* 146 Ga. App. 656 (247 SE2d 166) (1978). For an action for fraud to survive a motion for summary judgment, there must be some evidence from which a jury could find each element of the tort. In deciding whether the evidence presented is sufficient to raise a triable issue as to each element, the court must resolve all disputes of fact and indulge all reasonable inferences therefrom in favor of the nonmoving party. *Ham v. Ham,* 230 Ga. 43 (195 SE2d 429) (1973).

Construing all disputed facts in favor of the nonmoving party here, the facts are as follows. Petitioner Crawford sold a 3.54 acre tract of land in rural Pike County to Mr. and Mrs. Williams. The Williams bought the property believing that it encompassed an area containing a house, a well and a driveway. Two years after the sale they learned that the well and part of the driveway were not on their

land.[1] They sued Crawford alleging that he had fraudulently misrepresented that the well and driveway were located on the property being sold. Crawford did not represent to the Williams that he knew the exact boundaries of his property; however, the real estate agent showing the property identified the well as the water source for the property and provided information about the depth of the well without mentioning that it was not located on the property. The agent also told them that they did not have to prepare a survey since one prepared several years earlier would suffice. The Williams did not examine the existing survey or have a new survey made.

Crawford moved for summary judgment asserting that the Williams had not demonstrated any misrepresentation and that the Williams had not exercised due diligence to protect themselves from the alleged fraud. The trial court granted summary judgment in favor of Crawford, finding that the Williams had not used ordinary means of information to discover the boundaries of the property. The Court of Appeals reversed. The Court of Appeals held (1) the record did not demonstrate as a matter of law that no fraud occurred;[2] and (2) that although the Williams could have protected themselves by commissioning a survey of the property, failure to obtain a survey does not constitute a lack of due diligence as a matter of law.

We agree with the Court of Appeals that failure to obtain a survey does not constitute a lack of due diligence as a matter of law. We reverse, however, because the facts of this case demonstrate a complete lack of any effort to ascertain the boundaries of the property. A survey is not the only means of finding property lines. The Williams did not walk around the property to try to find the boundary markers; did not commission a survey or examine the existing survey; and did not even ask whether the well and the driveway were on the property. The original plat prepared years before the sale showed the location of the lines. The real estate agent referred the Williams to this plat. A review of this plat and its application to the lines as they exist on the ground would have revealed that the well and the driveway are not located on the property; but the Williams failed to avail themselves of this opportunity.

---

[1] When the Williams brought this action, they also alleged that the house is not entirely on their land. A survey of the property demonstrates, however, that the house is on the 3.54 acre tract. It appears that they now concede that the house is on the property.

[2] The Court of Appeals opinion did not recite the facts that it relied on in so holding. We note, however, that Crawford stated in deposition that he knew that the well was not on the property, but he told the real estate agent that the well was the water source for the property. We make this note to underscore the fact that misrepresentations made by a real estate agent without the knowledge or approval of the seller could not subject the seller to liability for fraud.

The law does not afford relief to one who suffers by not using the ordinary means of information, whether the neglect is due to indifference or credulity.

*Miller v. Clabby*, 178 Ga. App. 821, 823 (344 SE2d 751) (1986). A party buying real property who makes no attempt to discover the boundaries of the property cannot be said to have "justifiably relied" on a misrepresentation by the seller regarding those boundaries. Thus, because there is no evidence that raises a triable issue on this element of the tort, summary judgment in favor of Crawford is appropriate.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 19, 1989.

*Adams, Barfield & Dunaway, David Dunaway*, for appellant.
*Don H. Taliaferro*, for appellee.
*Quentin S. King, Edward C. Stone*, amicus curiae.