## A92A0142. WIEDERHOLD v. SMITH.
### (418 SE2d 141)

POPE, Judge.

In 1986, appellee/plaintiff Sheldon Smith purchased a lot in a subdivision called River Pointe. The lot overlooked the Chattahoochee River. After purchasing the lot, plaintiff hired an architect to design a house for the lot. After conducting some preliminary studies, the architect arranged a meeting with Fulton County to discuss variances from zoning regulations for the proposed house. During that meeting, the architect was informed the county had placed a hold on the lot in 1985, and building could not commence until the street in front of that lot was laterally supported. The evidence showed the street was improperly constructed by a contractor hired by Village Centers, Inc. ("VCI"), the corporation that developed the subdivision.

When plaintiff was informed of the restriction placed on the lot, he first contacted the seller and sought rescission of the contract. The lot in question had been sold to plaintiff by Phoenix Homes of Atlanta, Inc., a corporation that appellant/defendant Hartmut Wiederhold testified he formed for the purpose of developing speculative homes on three lots in the River Pointe subdivision. Half of the stock of that corporation was held by Rodney Ramsey, a business associate of defendant and half by defendant's wife. The seller refused to rescind the contract.

Plaintiff then reached an agreement to remedy the problem with Fulton County, installed lateral support for the street in the area of his lot, and filed this action to recover those expenses against defendant individually, Phoenix Homes of Atlanta, Inc. and VCI. Bankruptcy stays were issued as to the two corporate defendants. The case proceeded to trial with only plaintiff's claim for fraud against the individual defendant being submitted to the jury. After plaintiff rested, defendant moved for a directed verdict. The trial court denied that motion. The jury found in favor of the plaintiff and awarded him actual damages of $34,214.98, punitive damages of $1 and attorney fees and costs of litigation of $15,538.31. Defendant appeals the denial of his motion for directed verdict.

1. The tort of fraud has five elements: (1) a false representation by defendant; (2) scienter; (3) an intention to induce the plaintiff to act or refrain from action; (4) justifiable reliance by the plaintiff; and (5) damages. *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). Defendant complains the element of scienter is absent as a matter of law because, although he admits he had actual knowledge of the problem with the street, there was no evidence from which the jury could determine that he did not believe he had reached a satisfactory solution to the problem with Fulton County before the property was sold to plaintiff.

The evidence showed after the soil erosion problem at the edge of the street was discovered, VCI employed AT&E Consultants, Inc., a geotechnical and material engineering firm, to study the cause of the problem and recommend solutions. Based on that study, defendant testified a plan was submitted for a house to be constructed on that lot that would incorporate a combination home foundation wall and retaining wall sufficient to support the street. Defendant also testified VCI sought a variance from the county to allow the proposed home for that lot to be built closer to the road than was allowed under existing zoning ordinances. Based on these actions, defendant contends he had a good faith belief that the problem had been remedied and the jury's conclusion to the contrary is not supported by the evidence.

It is well-established that "[q]uestions of fraud, the truth and materiality of representations made by a defendant, and whether the plaintiff could have protected himself by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." *Brown v. Techdata Corp.*, 238 Ga. 622, 625 (234 SE2d 787) (1977). There was sufficient evidence from which the jury could have concluded defendant did not have a good faith belief that the problems precipitating Fulton County's imposition of a hold on the property had been resolved by receiving a variance on the set back requirement and incorporating a retaining wall into the plans for a proposed home on that lot. The evidence is undisputed neither de-

fendant nor VCI did anything to stabilize the street before selling the lot to plaintiff. There is also no evidence that plaintiff was made aware that any proposed home design for the lot would need to incorporate a retaining wall capable of stabilizing the street. Furthermore, it is undisputed that Fulton County never lifted its hold on the lot after the alleged agreement between defendant and Fulton County was reached. Thus, defendant's argument that the issue of fraud should not have been submitted to the jury on the basis there was no evidence of scienter must fail.

2. Defendant also argues that because Fulton County's concerns about the street and its hold on the subject lot were matters of public record, defendant's failure to inform plaintiff of these facts cannot constitute fraud. As this court recognized in *Wilhite v. Mays*, 140 Ga. App. 816 (232 SE2d 141) (1976), aff'd, 239 Ga. 31 (235 SE2d 532) (1977), there is an exception to the general rule of caveat emptor in cases involving passive concealment by the seller of defective realty. "That exception places upon the seller a duty to disclose in situations where he or she has special knowledge not apparent to buyer and is aware that the buyer is acting under a misapprehension as to facts which would be important to the buyer and would probably affect its decision. [Cits.]" Id. at 818.

Contrary to defendant's contentions, the location of information in a file that is open to the public does not demand a holding that the passive concealment of such information cannot constitute actionable fraud. This case is distinguishable from our decision in *Hill v. Century 21 &c. Realty*, 187 Ga. App. 754 (371 SE2d 217) (1988) in which we held plaintiffs were not justified in relying on defendants' representations concerning the zoning of certain property because zoning information was equally available to both parties. Although arguably the information was equally available to both parties in this case, the pertinent information was maintained in the files of the Department of Public Works of Fulton County. The evidence reveals that information from that office is generally sought in connection with obtaining a building permit. In fact, the employee who placed the hold on the subject lot testified that it was not common for potential buyers of lots to ask to see the files maintained on subdivisions in the Office of Public Works before purchasing property. We note that plaintiff performed a title search, as is typical of purchasers, but nothing concerning the hold on the lot was located in the deed records.

3. Defendant also contends that the erosion problems that caused instability problems with the street were an apparent defect and, therefore, cannot provide a basis for fraud. *Wilhite*, supra at 818. Plaintiff's architect, the listing agent for the subject lot and plaintiff's employee, who purchases commercial property for the corporation of

which plaintiff is president, all testified the instability of the street was not an apparent problem. Furthermore, the evidence showed that plaintiff had not purchased an undeveloped lot before and did not otherwise profess to have real estate expertise. In light of this evidence, we refuse to hold that the trial court erred in finding that the issue of justifiable reliance was a jury question in this case.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 9, 1992.

*Federal, Goetz & Cronkright, Douglas L. Cronkright, Charles M. Goetz, Jr.,* for appellant.

*Evans & Flournoy, Charles A. Evans,* for appellee.