## A95A0926. HANLON v. THORNTON et al.
(462 SE2d 154)

ANDREWS, Judge.

Ellsworth Hanlon sued the real estate agents and the sellers of a piece of real property in Clarke and Oglethorpe Counties. Hanlon alleged fraudulent misrepresentation and fraudulent concealment as to the presence of a landfill next to the property, the value of the property, and the condition of two trailers and a well that were on the property. Hanlon sought rescission of the sales contract, compensatory and punitive damages and attorney fees. The trial court granted defendants' motion for summary judgment. Hanlon appeals.

In early 1990, Hanlon, who lived in California at the time, called Steve Brannen, a real estate agent with Purvis & Associates, about buying some property on which to put a mobile home park. On February 14, 1990, Hanlon came to Georgia, and Brannen showed him several pieces of property, including the parcel of land which is the subject of this suit. The following day, Hanlon executed a contract with Luther and Evelyn Smith to purchase the property for $150,000. Hanlon then returned to California.

On March 14, 1990, Hanlon and his wife returned to Georgia to close on the property. On the morning before the closing, Hanlon inspected the mobile homes on the property and made a list of defective items. Hanlon also had the Northeast Health District Water Lab test the quality of the well water on the property. The water lab found that the wells and the water were satisfactory. Also prior to closing, Brannen advised Hanlon to talk to Jack Griffith of the Oglethorpe County Commission about his plans to put a mobile home park on the site. Hanlon drove past the Clarke County landfill on his way to meet with Griffith, although he says he did not realize it was a landfill at the time.

At the closing, Hanlon presented his list of problems and defects of the mobile homes. Hanlon was warned that Georgia is a "buyer beware" state and these considerations should be taken into account before making an offer on the property. Hanlon left the closing, talked with a friend for about an hour and then returned to the closing. Hanlon demanded and received a price concession from the sellers for the defective items.

After the closing, Hanlon and his wife moved to Georgia and into one of the mobile homes on the property. Hanlon claimed that he then learned that the property was less than the 36 acres that had

been represented in a flier and that it was not suitable for a mobile home park. Hanlon also discovered that the property was adjacent to a landfill. Because of the landfill, Hanlon claimed he was forced to spend $10,000 for a new well because the original well kept drying up and produced discolored water which smelled of sulphur. Hanlon states that he also had to replace a furnace, a stove and a refrigerator in the mobile homes, as well as re-coat one of the roofs.

On December 3, 1993, Hanlon filed a complaint against Steve Brannen and his employer, Purvis & Associates, R. M. Thornton, the listing agent and his company, Smith-Boley-Brown and the sellers of the property, Luther and Evelyn Smith, alleging fraudulent misrepresentations and concealment. The trial court granted defendants' motions for summary judgment.

1. In enumerations of error 1 and 2, Hanlon claims that the trial court erred in finding there existed no genuine issues of material fact regarding his due diligence and justifiable reliance as to the sellers' misrepresentations regarding the landfill and the value of the property.

Hanlon claimed that Brannen told him there were no landfills in the area and also that the property had been appraised at $150,000. Hanlon also claimed that he believed that Brannen was representing him as well as the sellers of the property, because this dual agency was allowed under California law and Brannen told him that Georgia law was the same as California law.

The tort of fraud has five elements. These are: (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff. *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989). In order to survive a motion for summary judgment, plaintiff must show some evidence as to each element. Id. In order to prove the element of justifiable reliance, the plaintiff must show that he exercised his duty of due diligence. *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754, 756 (371 SE2d 217) (1988).

Hanlon cites *Dorsey v. Green*, 202 Ga. 655, 659 (44 SE2d 377) (1947), for the proposition that "[w]hile a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying on the representations." However, Dorsey involved actions of an executor of a will who had a fiduciary obligation which is lacking in this case. *Dorsey*, supra at 659. Moreover, "[t]he law in Georgia is well-settled that in the purchase and sale of real estate there is an underlying principle of law to the effect that one cannot be permitted to claim that he has been deceived by false representations about which he could have learned the truth of the matter and could

have avoided damage." (Citations and punctuation omitted.) *Lester v. Bird*, 200 Ga. App. 335, 338 (408 SE2d 147) (1991).

Here, Hanlon has failed not only to show that he exercised due diligence, but also that he made any independent effort whatsoever to discover the existence of any landfills in the area or the true value of the property. See *Crawford*, supra at 807. "When the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller." (Citations and punctuation omitted.) *Hill*, supra at 756. Further, the record shows that there was no fiduciary relationship between Hanlon and defendants and that Hanlon was aware that defendants were agents of the seller because this was specifically stated in the sales contract he signed. Moreover, paragraph 12 of the sales contract states that the purchasers have not relied on any representations of the real estate agents and if there are matters of concern to them, they have sought independent advice. Hanlon claims he should not be bound by this contract because he is seeking to rescind it. However, he has shown no basis for rescinding the contract. See *Allen v. ReMax N. Atlanta*, 213 Ga. App. 644, 646 (445 SE2d 774) (1994). Therefore, the trial court did not err in finding no genuine issues of material fact regarding Hanlon's due diligence and justifiable reliance as to the seller's representations regarding the landfill and the value of the property.

2. Next, Hanlon claims that the trial court erred in finding that his fraudulent concealment claims failed as a matter of law. Hanlon claimed that defendants concealed from him that there was a landfill in the area. He also claimed that Brannen told him that the trailers on the property were in good condition and the appliances worked, that the property had been appraised at $150,000 and that the wells on the property contained good drinking water.

In a claim for fraudulent concealment, a plaintiff must prove the same five elements of a fraud claim. *Butler v. Terminix Intl.*, 175 Ga. App. 816, 817 (334 SE2d 865) (1985). Again, a plaintiff must prove that any "defect could not have been discovered by the buyer in the exercise of due diligence." (Citations and punctuation omitted.) *Webb v. Rushing*, 194 Ga. App. 732, 733 (391 SE2d 709) (1990).

There is undisputed evidence in the record that Hanlon had the drinking water tested independently. Further, Hanlon inspected the trailers and made a list of problems. If he suspected there could be other problems, Hanlon should have had an inspector check the appliances. In addition, Hanlon could have asked for an independent appraisal of the value of the property.

As to the landfill, Hanlon claims that he asked about landfills in the area and was told there were none. Hanlon cites *Ga.-Car. Brick &*

*Tile Co. v. Brown*, 153 Ga. App. 747 (266 SE2d 531) (1980), in support of his claim that concealing material facts may be fraud when the buyer asks a direct question and the truth is evaded. *Ga.-Car. Brick*, supra at 755. However, the facts in *Ga.-Car. Brick* are different from those in the instant case. The court found that the buyers in that case were entitled to rely on the representations made by defendant because the defendant had a special knowledge as to the properties of the bricks he was selling. Here, the defects and problems complained of were all easily discoverable. As discussed in Division 1, the buyer must prove that the defect could not have been discovered by the buyer in the exercise of due diligence. *Webb v. Rushing*, supra; *Lively v. Garnick*, 160 Ga. App. 591, 593 (287 SE2d 553) (1981). Hanlon has not shown that he even attempted to make an independent inquiry as to whether or not there was a landfill in the area. Since the existence of a landfill, as well as all the other items which Hanlon claims were fraudulently concealed by the defendants, was easily discoverable by Hanlon in the exercise of reasonable diligence, it cannot serve as a basis for finding defendants liable for fraudulent concealment. *Lively*, supra at 593.

3. Because of our holdings in Divisions 1 and 2, it is unnecessary to address the remaining enumerations of error. Accordingly, we find that the trial court did not err in granting appellees' motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 24, 1995 —
RECONSIDERATION DENIED SEPTEMBER 13, 1995 —

*Barksdale, Irwin, Talley & Sharp, David B. Irwin, Barry G. Irwin, Daniel S. Digby*, for appellant.

*Winburn, Lewis & Barrow, Gene M. Winburn, John J. Barrow, Fortson, Bentley & Griffin, Robert N. Elkins, Graham & Graham, Felix P. Graham, Jr.*, for appellees.

*Weissman, Nowak, Curry & Zaleon, Seth G. Weissman, Teresa L. Perrotta*, amici curiae.