A96A0971. GARCIA v. CHARLES EVANS BMW, INC.
(473 SE2d 588)

Judge Harold R. Banke.

Gilbert Garcia sued Charles Evans BMW, Inc. ("Evans") alleging fraud and violations of the Fair Business Practices Act. The trial court granted Evans' motion for summary judgment and Garcia appeals.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that Garcia responded to Evans' newspaper advertisement offering to lease a white 1994 BMW 318iS for two years at $219 per month plus tax. The parties entered into negotiations after Garcia related that he wanted a black car, and none was available with the limited number of options offered in the advertisement. During the negotiations, Garcia incorrectly assumed that the sales tax would be calculated by multiplying the total $26,250 value of the car by the 6 percent tax rate and apportioning that amount over the 24 months of the lease and he offered to pay a total of $284.62 per

---

month, which reflected his calculations of the tax.

The parties ultimately entered into a written contract in which Garcia agreed to pay $298.53 per month for a black BMW 318iS with certain additional options. The contract broke the rental price down into charges of $281.63 for the monthly rental payment and $16.98 for sales and use tax. Although the lease specified a black BMW, Garcia testified that the car he actually received and accepted was green. A month after leasing the car Garcia read an article which stated that tax on leases is calculated on the monthly lease payment, not on the full value of the car. Garcia's claims arise from Evans' alleged misrepresentations regarding the calculation of the sales tax. *Held*:

Because Garcia was bound by the written lease agreement, summary judgment was properly granted. Georgia law traditionally provides two avenues of relief for claimants alleging fraud under these circumstances. The lessee may affirm the contract and sue for breach of contract or rescind the contract and sue in tort for fraud. See *City Dodge v. Gardner*, 232 Ga. 766, 768 (208 SE2d 794) (1974). Accepting and retaining the benefits under the contract alleged to be fraudulent after discovering the alleged fraud constitutes an affirmance. *Hamilton v. Advance Leasing &c.*, 208 Ga. App. 848, 850 (2) (432 SE2d 559) (1993).

Here, Garcia sued in tort for fraud, but kept the car despite the fact that the contract he signed clearly showed that the tax had been calculated differently than he had proposed. Garcia's failure to rescind the contract is fatal to his claim in tort for fraud. Id.; *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272, 273 (2) (306 SE2d 362) (1983); see *Hall v. World Omni Leasing,* 209 Ga. App. 115, 118 (3) (433 SE2d 297) (1993).

Moreover, the fact that the lease agreement clearly stated the monthly amount to be paid for taxes precludes Garcia from establishing fraud. It is undisputed that Garcia had ample opportunity to read the contract and the contract contained a merger clause stating that "[t]here are no other promises or understandings between the parties concerning this lease." In the absence of any evidence that Garcia was prevented from reading the contract, the presence of this clause defeats Garcia's claim of justifiable reliance on any representations by Evans. See *Baranco, Inc. v. Bradshaw*, 217 Ga. App. 169, 171 (1) (456 SE2d 592) (1995). The absence of justifiable reliance also precludes Garcia's claim under the Fair Business Practices Act. *Bradshaw*, 217 Ga. App. at 172.

We reject Garcia's contention that he was never bound by the written contract he signed because he accepted a different color car. Having consciously elected to enjoy the fruits of the contract by accepting the green car in lieu of the black car described in the lease, Garcia became bound by the lease's terms. *Yeargin v. Farmers*

*Mutual &c.*, 142 Ga. App. 76, 78 (234 SE2d 856) (1977).

We reject Garcia's attempt to avoid his obligations under the lease based on the fact that Evans' representative failed to sign it. Regardless of the lack of a signature, Garcia was bound by the lease because he accepted the BMW and the parties incurred mutual obligations. *Gruber v. Wilner*, 213 Ga. App. 31, 35 (2) (443 SE2d 673) (1994). Because no issues remained to be tried, summary judgment was appropriate.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JULY 8, 1996.

*Stefano A. Didio*, for appellant.
*Forrest J. Lance*, for appellee.