A96A2353. T.O.H. ASSOCIATES, LTD. et al. v. 2B ENTERPRISES,
INC. et al.
(482 SE2d 393)

McMurray, Presiding Judge.

2B Enterprises, Inc., d/b/a RBI Baseball Emporium ("RBI"), and
Bradford D. Lloyd filed an action against T.O.H. Associates, Ltd., a
Georgia Limited Partnership, Edward L. Terry, Arthur Heyman and
S. Kent Owing (defendants), alleging defendants duped Lloyd into
executing a real estate lease on RBI's behalf by misrepresenting that
the "lease premises" was suitable for indoor recreational use. The evi-
dence adduced at a jury trial supports these allegations, revealing
that defendants knew the "lease premises" was not zoned for recrea-
tional use but, nonetheless, assured plaintiffs during lease negotia-
tions that the "lease premises" could be used for indoor recreational
purposes and warranted, in the lease agreement's "PERMITTED
USE" section, that the premises was appropriate for "General office/
warehouse use, baseball training facility and sales of baseball sup-
plies." It is undisputed, however, that Lloyd executed the lease and
that RBI began preparing the "lease premises" for recreational use
without ascertaining whether such use conformed with local zoning
standards.

The jury returned a $34,887.32 verdict on RBI's and Lloyd's
fraud claims and awarded RBI and Lloyd $81,266.46 for attorney
fees and expenses of litigation pursuant to OCGA § 13-6-11. This
appeal followed the trial court's denial of defendants' motion for judg-
ment notwithstanding the verdict. *Held*:

"The tort of fraud has five elements: (1) a false representation by
defendant; (2) scienter; (3) an intention to induce the plaintiff to act
or refrain from action; (4) justifiable reliance by the plaintiff; and (5)
damages. *Crawford v. Williams*, 258 Ga. 806 (375 SE2d 223) (1989)."
*Wiederhold v. Smith*, 203 Ga. App. 877, 878 (1) (418 SE2d 141). In
the case sub judice, defendants argue that Lloyd's and RBI's lack of
diligence in investigating the zoning status of the "lease premises"
eliminates the element of justifiable reliance. We are compelled to
agree.

In *Hill v. Century 21 &c.*, 187 Ga. App. 754 (371 SE2d 217), the
Hills alleged that Kruezburg — a real estate sales agent — duped
them into purchasing real property by deliberately misrepresenting
that the property was commercially zoned and suitable for use as a
used car lot. Just as Lloyd and RBI in the case sub judice, however,
the Hills did not attempt to ascertain for themselves the zoning sta-
tus of the subject real property prior to closing, and as a consequence,
this Court affirmed the trial court's order granting Kruezburg's
motion for summary judgment based on the following logic: "While
questions of due diligence often must be resolved by the trier of fact,

that is not always the case. One may fail to exercise due diligence as a matter of law. See *Bowen & Bowen v. McCoy-Gibbons*, 185 Ga. App. 298, 303 (1) (363 SE2d 827) (1987). This is such a situation. Because plaintiffs[, the Hills,] failed to exercise due diligence, they were not justified in relying upon any zoning representations made by Kruezburg[, the defendant]. ' " '(W)hen the means of knowledge are at hand and equally available to both parties to a contract of sale, if the purchaser does not avail himself of these means, he will not be heard to say, in impeachment of the contract, that he was deceived by the representations of the seller.' (Cit.)" (Cit.)' *Lorick* [*v. Na-Churs Plant Food Co.*, 150 Ga. App. 209 (2) (257 SE2d 332)]." *Hill v. Century 21 &c.*, 187 Ga. App. 754, 755 (2), 756, supra.

RBI and Lloyd contend *Hill* is distinguishable because *Hill* involved a lack of diligence by purchasers seeking a freehold interest in commercial real property while the case sub judice involves a corporation, RBI, and a businessman, Bradford D. Lloyd, seeking a leasehold interest in commercial real property. RBI and Lloyd, however, give no significant reason Bradford D. Lloyd's and RBI's responsibilities — as capital investors seeking a place to do business — should be any less than the adjudicated responsibilities of the capital investors in *Hill*, who were also seeking a place to do business. In fact, the commercial lease transaction in the case sub judice appears to call for the same, if not more, responsibility and attention to detail than the commercial sales transaction in *Hill*. For instance, the transaction in *Hill* involved a husband and wife team representing their own interests in acquiring a place to operate a used car lot while the transaction in the case sub judice involves a corporation that employed a real estate sales professional to negotiate a lease, involving a 38-month rental expense obligation in excess of $134,000, to operate an indoor baseball training facility and sporting goods store. Under these circumstances, and in view of the fact that RBI and Lloyd were not seeking an unsophisticated leasehold interest and the fact that RBI and Lloyd had equal access to the public zoning records in the county where the "lease premises" is located, we see no basis for distinguishing the commercial lease transaction in the case sub judice from the commercial real estate sales transaction in *Hill v. Century 21 &c.*, 187 Ga. App. 754, 755 (2), 756, supra.[1] Because neither Lloyd nor any other RBI agent investigated the zoning status of the "lease premises" in question before Lloyd executed the lease agreement on RBI's behalf, RBI and Lloyd were not justified — as a

---

[1] Compare *Wiederhold v. Smith*, 203 Ga. App. 877, supra, where purchasers of a residential lot did not have equal knowledge of records — maintained in the files of the Department of Public Works of Fulton County — providing public notice of the subject lot's latent physical defect. Id. at 879 (2).

matter of law — in relying upon any land use representations made by defendants. Further, in the absence of such justifiable reliance, we find no evidence of defendants' bad faith and stubborn litigiousness in the transaction. OCGA § 13-6-11. See *Hill v. Century 21 &c.*, 187 Ga. App. 754, 755 (2), 756, supra. Consequently, the trial court erred in denying defendants' motion for j.n.o.v.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED FEBRUARY 7, 1997 —
RECONSIDERATION DENIED FEBRUARY 20, 1997 —

*Johnston & Marsh, Howard H. Johnston*, for appellants.
*Roberts, Isaf & Summers, Lawrence E. Newlin, Jill D. Prussack*, for appellees.