## A98A1528. KLUSACK et al. v. WARD et al.
(507 SE2d 1)

ANDREWS, Chief Judge.

Having contracted to purchase a house and 10 acres in November 1994 and having been deeded only a house and 7.86 acres on July 7, 1995, Mr. and Mrs. Klusack sued Mr. and Mrs. Ward, the sellers, and the sellers' agent, Henderson Real Estate, Inc., and its employee, Tucker, for fraud and rescission of the sale. This appeal by the Klusacks is from the grant of partial summary judgment to Henderson Real Estate, Inc. and Tucker based on lack of justifiable reliance by the Klusacks on Henderson and Tucker's claimed fraudulent statement that the property contained ten acres.

Viewed with all inferences in favor of the Klusacks, the evidence showed that, when they were considering their purchase, they had received from Tucker a 1983 plat including the property. That plat showed one tract of 9.04 acres, plus approximately an acre containing the house. In fact, the Wards had sold the northern part of the 9.04-acre tract sometime between 1983 and 1995. When the Klusacks signed the Purchase and Sale Agreement, they mentioned getting their own attorney, but were told by Tucker that would not be necessary, that a local attorney would handle the matter. The local attorney prepared the deed, which inaccurately described in metes and bounds the property to be conveyed as the larger tract. He also handled the closing. No current plat was available at the July closing although the deed referred to a July 7, 1995 plat. When that plat was actually completed November 29, 1995, it did not include the previously sold northern portion of property and showed only the 7.865 acres which the sellers were legally able to convey and which were conveyed thereafter by a deed properly describing the 7.865 acres.

Plaintiffs' statement of material facts reflects that they pitched a tent and lived on the property prior to closing on it, but never had their own survey or title search conducted even though Paragraph 6 of the Purchase and Sale Agreement gave them and their representatives the right to enter the property in order to make "a diligent, prudent and competent inspection . . . by examining, testing, and sur-

veying the Property." In their responses to interrogatories, the Klusacks state that they "did not investigate the property because: 1) They trusted Defendants [and] 2) Defendant (Tucker) told them they did not need their own attorney; that [the local attorney] would check everything out for them. . . . Plaintiffs had a valid contract to prove [sic] 10 acres with a specific description as per the deeds prepared in July. They were under no legal duty to investigate because they were relying upon the representation of the written contract and law under *Etheridge v. Fried*, 183 Ga. App. 842 [(360 SE2d 409) (1987)]."

Both the attorney fees for the local attorney and the payment for the 1995 survey were shown on the closing settlement statement as having been paid by the Wards.

1. The tort of fraud, the only claim available against Tucker and Henderson, has five elements: (1) false representation by a defendant; (2) scienter; (3) intention to induce the plaintiffs to act or refrain from acting; (4) justifiable reliance by plaintiffs; and (5) damage to plaintiffs. *Smalls v. Blueprint Dev.*, 230 Ga. App. 556, 559 (497 SE2d 54) (1998), citing *Reeves v. Edge*, 225 Ga. App. 615, 617-618 (2) (484 SE2d 498) (1997). Failure to show, in opposition to summary judgment, some evidence from which each element could be found by a jury allows the action to be disposed of summarily. Id.

In order to prove justifiable reliance, plaintiffs must show the defect could not have been discovered by them in the exercise of due diligence in the purchase of the property. E.g., *Hanlon v. Thornton*, 218 Ga. App. 500, 501 (462 SE2d 154) (1995); *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754, 755 (2) (371 SE2d 217) (1988); see *Deckert v. Foster*, 230 Ga. App. 164 (495 SE2d 656) (1998).

Here, the record is totally devoid of any efforts by the Klusacks to determine either the amount of property actually owned by the Wards and thus available for purchase by them or the actual boundaries of the property which they had contracted to buy prior to receiving the inaccurate deed. While questions of due diligence generally will be for resolution by a jury, one may fail to exercise due diligence as a matter of law. *Hill*, supra at 756.

*Hill* involved a real estate purchase in which the purchaser intended to use the property for a used car lot and had been assured by the seller's agent that the property was zoned commercial and he would have no problem doing so, when in fact the property was not so zoned. Hill's failure to check the zoning status of the property was found, as a matter of law, to be lack of due diligence which defeated his fraud claim. See also *T.O.H. Assoc. v. 2B Enterprises*, 224 Ga. App. 730, 731-732 (482 SE2d 393) (1997) (lessee's failure to check to see if leased premises zoned for indoor recreational use); *Smith v. Stanley*, 223 Ga. App. 334 (477 SE2d 618) (1996) (failure to determine if purchased property within flood plain); *Real Estate Intl. v. Buggay*, 220

Ga. App. 449, 451 (2) (469 SE2d 242) (1996) (failure to investigate drainage problems on purchased property); *Hanlon v. Thornton,* supra at 502 (2) (failure to ascertain presence of landfill in vicinity of purchased property). All of these failures were deemed lack of due diligence as a matter of law. We find, as did the trial judge, that the Klusacks failed to exercise due diligence.

The Klusacks' reliance on *Etheridge,* supra, is unavailing. There, the seller was granted summary judgment on a breach of title claim and no reliance was found by the purchaser on the allegedly fraudulent misstatement.

2. There is also an additional basis upon which the sellers were entitled to summary judgment. It is not disputed that, upon the attorney's discovery of the inaccurate description, a revised deed was issued to and accepted by the Klusacks. Their motives for doing so are not relevant to our conclusion that " '[a]ccepting and retaining the benefits under the contract alleged to be fraudulent after discovering the alleged fraud constitutes an affirmance. (Cit.)' *Garcia v. Charles Evans BMW,* 222 Ga. App. 121, 122 (473 SE2d 588) (1996)." *Reeves v. Edge,* supra at 619 (2).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 13, 1998 —
RECONSIDERATION DISMISSED SEPTEMBER 1, 1998.

*Farless & Newton, Floyd H. Farless,* for appellants.
*Farrar & Farrar, Archibald A. Farrar, Jr., Christopher L. Corbin,* for appellees.