**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 26, 2023**

# In the Court of Appeals of Georgia

A23A0030. LEWIS v. FIDELITY NATIONAL TITLE INSURANCE COMPANY.

MCFADDEN, Presiding Judge.

Torriel Deyon Lewis appeals the grant of summary judgment to Fidelity National Title Insurance Company in Fidelity's fraud action against him. Lewis argues that jury questions exist on elements of the fraud claim, but we hold that the trial court did not err in finding that the undisputed evidence supports the grant of summary judgment to Fidelity. Lewis argues that the trial court erred by considering an affidavit, but he does not show that he objected in the trial court. Lewis argues that the trial court erred in finding that he was personally liable, but the undisputed evidence shows that he personally participated in the fraud. So we affirm.

1. *Factual and procedural background.*

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Bowden v. Med. Center*, 309 Ga. 188, 199 (III) (2) (a) (845 SE2d 555) (2020) (citation and punctuation omitted).

> Under OCGA § 9-11-56 (e), when a party moves for summary judgment and supports his or her motion by submitting affidavits, depositions, or answers to interrogatories, the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he or she does not so respond, summary judgment, if appropriate, shall be entered against him or her.

*Gallagher v. Buckhead Community Bank*, 299 Ga. App. 622, 622-623 (683 SE2d 50) (2009) (punctuation omitted). "We review the grant or denial of a motion for summary judgment de novo, and we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *In re Tapley*, 308 Ga. 577, 577 (842 SE2d 36) (2020) (citation and punctuation omitted).

So viewed, the record shows that in 2007, an entity called House Rescue 911 L.L.C. ("old House Rescue 911 L.L.C.") acquired a parcel of real property. In 2010, old House Rescue 911 L.L.C. was administratively dissolved by the secretary of state.

The records of the Georgia Secretary of State show that on February 3, 2017, an entity named House Rescue 911 LLC ("new House Rescue 911 LLC") was formed. New House Rescue 911 LLC's name was identical to old House Rescue 911 L.L.C.'s name except for the absence of periods between the letters LLC. Lewis was listed as the registered agent of new House Rescue 911 LLC and "Spire Property Partners, LLC by Torriel Lewis" was listed as the organizer. New House Rescue 911 LLC and Lewis were not affiliated in any way with old House Rescue 911 L.L.C.

Three weeks after it was formed, new House Rescue 911 LLC purported to sell and to convey by limited warranty deed the parcel of real property that old House Rescue 911 L.L.C. had acquired in 2007. Lewis and new House Rescue 911 LLC had no basis for claiming ownership of the property and had no right to convey any rights to the property.

Lewis signed the limited warranty deed as well as a property owner's affidavit in which he attested that new House Rescue 911 LLC was the owner of the parcel. Lewis also stated in the owner's affidavit that he was making the affidavit "to induce

3

[the purchaser] to purchase said real property, and to induce FIDELITY NATIONAL TITLE INSURANCE COMPANY to issue a . . . title insurance policy." Fidelity issued a title insurance policy on the property.

In 2019, the purchaser of the property, Fidelity's insured, was named as a defendant in a petition to quiet title brought by the members of the administratively-dissolved old House Rescue 911 L.L.C. The superior court quieted title in the petitioners' favor, and Fidelity paid its insured $66,000 under the title policy.

Fidelity then filed this action against new House Rescue 911 LLC and Lewis. The trial court entered a default judgment against new House Rescue 911 LLC and granted Fidelity's motion for summary judgment against Lewis. Lewis filed this pro se appeal.

2. *Fraud*.

"The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Coe v. Proskauer Rose*, 314 Ga. 519, 526-527 (2) (878 SE2d 235) (2022) (citation and punctuation omitted). Lewis enumerates as error that the trial court erred by granting Fidelity's motion for summary judgment because Fidelity presented no evidence that he made a false

4

representation or that he intended to induce Fidelity to rely on any representation. He also enumerates as error that any reliance on Fidelity's part was not justified. In a related enumeration of error, he argues that Fidelity cannot recover because of a bright-line rule that reliance is not justified when there are public records. We disagree with Lewis's claims.

(a) *False representation*.

Although Lewis enumerates that the trial court erred because Fidelity presented no evidence that he made a false representation, he does not argue this point in his appellate brief. Instead he argues that Fidelity could not blindly rely on his representation and that Fidelity did not exercise due diligence, an argument we address below.

As for the false representation, Fidelity presented evidence that new House Rescue 911 LLC never owned the property; that Lewis and new House Rescue 911 LLC had no basis for claiming ownership of the property and had no right to convey any rights to the property; but that Lewis nonetheless attested that new House Rescue 911 LLC owned the property. Lewis has pointed to no evidence creating a question of fact on the false representation element of Fidelity's fraud claim.

(b) *Inducement*.

5

Lewis argues that Fidelity presented no evidence that he induced Fidelity with any representation he made. But in the owner's affidavit, he attested that he was making the affidavit "to induce [the purchaser] to purchase said real property, and to induce FIDELITY NATIONAL TITLE INSURANCE COMPANY to issue a . . . title insurance policy." And, of course, Fidelity did issue a title insurance policy. Lewis has pointed to no evidence creating a question of fact on this element of Fidelity's fraud claim.

(c) *Justifiable reliance*.

Lewis argues that any reliance on his false representation was not justified because Fidelity did not exercise due diligence. Had it done so by examining public records, he argues, it would have seen that title to the property was conveyed to old House Rescue 911 L.L.C. in 2007, yet new House Rescue 911 LLC was not even formed until 2017, and so it could not have been the owner of the property. We disagree.

Fidelity presented undisputed evidence that the chain of title showed that title to the property was vested in "House Rescue 911 L.L.C." A title search would not have shown that new House Rescue 911 LLC was a different entity and was not formed until after old House Rescue 911 L.L.C. had acquired the property because

6

the record showing the date of the formation of new House Rescue 911 LLC is a record of the secretary of state. See *Wiederhold v. Smith*, 203 Ga. App. 877, 879 (2) (418 SE2d 141) (1992) (defendant's failure to inform plaintiff of facts that were matters of public record did not defeat fraud claim because records were in the files of the Department of Public Works, not in the deed records).

Lewis argues that Fidelity did not exercise due diligence because he provided the closing attorney the secretary of state documents showing the date of the formation of new House Rescue LLC. So, he argues, Fidelity had the information necessary to determine that new House Rescue LLC did not own the property. But he gives no citation to evidence in the record to support the assertion that he supplied these documents to the closing attorney.[1] See Court of Appeals Rule 25 (d) (1) (i), (2). "It is the duty of the party asserting error to show it by the record. Assertions of

[1]In his appellate brief Lewis cites as support for this assertion "(Application Exhibit G (Exhibit A, pp 3-12))," "(Application Exhibit G (Exhibit A, pp 11-12))," and "(Application Exhibit B, pp. 2, 1.1.)." We presume that these citations refer to the exhibits Lewis filed with his application for discretionary appeal (which we granted under OCGA § 5-6-35 (j) on the ground that the order he sought to appeal was directly appealable). None of the documents referenced in these citations support his assertion. Exhibit G to the application is a single page that appears to be an email from the purchaser of the property notifying Fidelity of the quiet title action. Exhibit A is the trial court order on appeal. Exhibit B is a notice of appeal.

7

evidence in briefs or enumerations of error cannot satisfy this duty." *Fine v. Fine*, 281 Ga. 850, 852 (2) (642 SE2d 698) (2007) (citation and punctuation omitted).

"A purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title. Conversely, a purchaser is not charged with constructive notice of interests or encumbrances which have been recorded outside the chain of title." *Gallagher*, 299 Ga. App. at 625 (1) (rejecting claim that purchaser had a duty to investigate alternative names of seller when nothing appeared in chain of title or occurred prior to or during closing that created a duty to inquire, and directing entry of summary judgment for purchaser) (citation and punctuation omitted).

Lewis also refers to a bright-line rule that he says bars Fidelity's claim. That rule provides that "when the falsity of the representation could have been revealed by a search of the *county land records*, a failure to search those records makes the reliance on the representation unjustified as a matter of law." *Dyer v. Honea*, 252 Ga. App. 735, 740 (3) (b) (557 SE2d 20) (2001) (emphasis supplied). But Lewis has not shown that a search of the county land records would have disclosed his misrepresentation.

Lewis has pointed to no evidence creating a question of fact on the justifiable reliance element of Fidelity's fraud claim.

3. *Affidavit*.

Lewis argues that the trial court erred in considering the affidavit of Jordan Kelner, which Fidelity filed in support of its motion for summary judgment. But he fails to show that he objected to Kelner's affidavit in the trial court (and our review of the record has found no such objection) so as to preserve this enumerated error. See *Chapman v. McClelland*, 248 Ga. 725, 726 (2) (286 SE2d 290) (1982) ("Objections to affidavits . . . will not be entertained for the first time on appeal where such affidavits were considered by the trial judge, without objection, in ruling on motions for summary judgment."); Court of Appeals Rule 25 (a) (5). So we do not reach this argument.

To the extent that Lewis argues, as he argued below, that the trial court erred in considering the owner's affidavit he signed, which was attached as a business record to Kelner's affidavit, he has not shown error. He argues that the trial court erred by considering the owner's affidavit because the section of the owner's affidavit identifying his role in relation to new House Rescue 911 LLC was left blank. Specifically, the owner's affidavit stated:

Personally appeared before me, the undersigned attesting Officer, duly authorized by law to administer oaths, the undersigned Affiant, who being first duly sworn, upon oath says:

That Affiant is the _____ of HOUSE RESCUE 911, LLC a Limited Liability Company (hereinafter referred to as "Owner"), and has personal knowledge of the facts as set forth herein.

"Admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally." *Roberts v. Community & Southern Bank*, 331 Ga. App. 364, 368 (2) (771 SE2d 68) (2015) (citation and punctuation omitted). It was "within the trial court's discretion to determine whether a proper foundation was laid for application of the business records exception to a particular document and whether the circumstances of the document's preparation indicate trustworthiness." Id. at 369 (2) (citation and punctuation omitted). Lewis has not shown that the trial court abused her discretion.

4. *Personal liability*.

Lewis enumerates that he cannot be held personally liable because he was never an officer of new House Rescue 911 LLC. He makes no meaningful argument, instead only stating, without citation to the record, that he was never an officer. But certain documents that he submitted in opposition to summary judgment show that

10

he was a member of the limited liability company. In one document, he identified himself as the managing member of new House Rescue 911 LLC and the person who would sign at closing on the company's behalf. In another, he identified himself as the chief executive manager who had the authority to liquidate the assets of new House Rescue 911 LLC.

"A[n] LLC member may be held individually liable if he or she personally participates or cooperates in a tort committed by the LLC or directs it to be done." *Milk v. Total Pay & HR Solutions*, 280 Ga. App. 449, 454 (634 SE2d 208) (2006). The undisputed evidence is that Lewis was a member of new House Rescue 911 LLC, that he falsely represented that new House Rescue 911 LLC owned the property, and that he signed the limited warranty deed and the owner's affidavit on behalf of new House Rescue 911 LLC. The trial court did not err in finding that he is personally liable.

*Judgment affirmed. Brown and Markle, JJ., concur*.